HEATHER A.,

        **Plaintiff,**

      v.                      **Case No. 24-CV-618**

**FRANK J. BISIGNANO[1],**
**Commissioner of Social Security,**

        **Defendant.**

# ORDER

On April 1, 2025, the parties stipulated to an award of attorney's fees under the Equal Access to Justice Act (EAJA) in the amount of $5,329.20 (ECF No. 28), which was approved on April 2, 2025 (ECF No. 29). The plaintiff's attorney, Cody Marvin, now seeks an award in the amount of $15,458.50 (subject to his obligation to refund to Plaintiff the EAJA fees previously awarded). (ECF No. 30.) The requested amount represents the balance of 25 percent of the plaintiff's past-due benefits withheld for attorney fees, after payment to Plaintiff's counsel who represented her at the remand hearing. (*Id.* at 2.) The

---

[1] Frank J. Bisignano became the Commissioner of the Social Security Administration in May 2025. Accordingly, the Clerk of Court shall substitute Bisignano as the named defendant in this action. *See* Fed. R. Civ. P. 25(d).

fee motion states that the Commissioner neither supports nor opposes counsel's request for attorney's fees and does not intend to file a response. (*Id.* at 3.)

Section 406(b)(1)(A) allows a successful claimant who was represented by counsel to receive "as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…." 42 U.S.C. 406(b)(1)(A). Where the plaintiff's attorney receives fees under both the EAJA and § 406(b), the attorney must refund to the plaintiff the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

Within the 25 percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 804–05. In making its determination, the court may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall for the attorney. *Id.* at 808.

The fee award requested is reasonable. Attorney Marvin obtained a good result for the plaintiff, and the plaintiff agreed to pay 25 percent of the past due benefits awarded to her. (ECF No. 30-2.) Moreover, the fee requested will not constitute a windfall for Attorney Marvin. Attorney Marvin spent 20.5 hours working on this matter and the resulting hourly fee based on the $15,458.50 award (before refunding the EAJA award)

2

would be $754.07 per hour. (ECF No. 30 at 2; ECF No. 30-3 (itemization of time).) Other courts in this district have declined to classify awards as windfalls when they exceed even $1,000 in resulting hourly fees. *See Mentecki v. Colvin*, No. 14-cv-1110-pp, 2019 WL 3323874, at \*2 (E.D. Wis. July 24, 2019) (citing *Peterson v. Colvin*, No. 12-cv-391 at Dkt. No. 32 (E.D. Wis. Sep. 3, 2015) (approving award resulting in implied hourly rate exceeding $1,000, based upon performance and client approval)); *Kolp v. Colvin*, No. 12-cv-842, 2015 WL 4623645, at \*2 (E.D. Wis. Aug. 3, 2015) (granting in full request for award equating to $1,118.44 hourly rate). As such, the court finds that $15,458.50 is a reasonable sum in light of the hours that Attorney Marvin spent working on this case.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) (ECF No. 30) is **GRANTED** and the court **APPROVES** the award of $15,458.50. Upon receipt of the awarded fees, Attorney Marvin shall refund his previously awarded fee under the Equal Access to Justice Act in the amount of $5,329.20 to Plaintiff.

Dated at Milwaukee, Wisconsin this 20th day of July, 2026.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge